IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE CORTEZ GOMEZ, individually and on behalf of all others similarly situated,

        Plaintiff,

  v.

KOHL'S CORPORATION and KOHL'S INC.,

        Defendants.

OPINION and ORDER

23-cv-678-jdp

---

This is a proposed class action about what plaintiff Michelle Cortez Gomez says is deceptive pricing by defendants Kohl's Corporation and Kohl's Inc. (collectively, Kohl's). Gomez's theory is that Kohl's induces customers to buy products by advertising them as "on sale," even though they are being sold at their ordinary price. Gomez asserts claims for violations of Wisconsin's law against unfair trade practices and for unjust enrichment.

Two motions filed by Kohl's are before the court. First, Kohl's moves to dismiss the complaint for failure to state a claim, or, alternatively, to strike Gomez's class allegations. Second, Kohl's moves to stay or limit discovery.

While the court was reviewing those motions, it uncovered another issue: subject matter jurisdiction. In the context of a proposed class action like this one that arises under state law, the proponent of jurisdiction (in this case, Gomez) must allege two things at the pleading stage: (1) the state citizenship of at least one class member is different from the state citizenship of the defendants; and (2) the amount in controversy is more than $5,000,000. 28 U.S.C. § 1332(d). The court directed Gomez to file a supplement to her complaint that addressed those two requirements.

As it turns out, some of the issues raised in the motion to dismiss overlap with the jurisdictional question. Gomez says in her response to the court's order that the amount in controversy is more than $5,000,000 because there are hundreds of thousands of class members, and all of them are entitled to a refund for the deceptive pricing, so it is reasonable to infer that more than $5,000,000 is in controversy. But Kohl's contends that Gomez's theory of damages is not recognized under Wisconsin law.

When it is "legally certain" that the plaintiff cannot recover more than the jurisdictional minimum, the court cannot retain jurisdiction over the case. *Sykes v. Cook Incorporated*, 72 F.4th 195, 206 (7th Cir. 2023). The court agrees with Kohl's that Gomez does not have a valid theory of damages, so she cannot meet the jurisdictional minimum and the court must dismiss the case for lack of jurisdiction. This makes it unnecessary to consider any of the other issues raised in the motions that Kohl's filed.

ANALYSIS

Kohl's says that Gomez's complaint does not state a claim for two reasons: (1) Gomez does not adequately allege that its sales advertisements are false or misleading under state law; and (2) Gomez has not identified any relief that she could receive under either of her legal theories. That second issue overlaps substantially with the question whether Gomez has adequately alleged the jurisdictional minimum. Kohl's does not challenge jurisdiction, but the court has an independent duty to confirm that it can exercise jurisdiction, *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021), so the court will begin with that issue.

The standard for alleging jurisdiction is the same as the standard for pleading the merits. The question is whether the allegations in the complaint show that it is plausible to infer that

the proponent of jurisdiction can meet the jurisdictional requirements. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015).

A proposed class action under state law has two jurisdictional requirements: (1) at least one proposed class member must be a citizen of a different state from the defendants; and (2) the amount in controversy must be more than $5,000,000. 28 U.S.C. § 1332(d). Gomez's supplement adequately alleges the first requirement. She identifies one proposed class member who is a "permanent resident" of California, and she alleges that the two defendants are citizens of Wisconsin and Delaware. Dkt. 35, at 2; Dkt. 1, ¶¶ 12–13. Citizenship for individuals is determined by domicile, which is where the party intends to remain indefinitely. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014). It is reasonable to infer that the class member is a citizen of California, and defendants are citizens of Wisconsin and Delaware, so the diversity requirement is met.

The problem is with the amount in controversy. The test for determining the amount in controversy has two steps. First, the proponent of jurisdiction must "explain[] plausibly how the stakes exceed the amount-in-controversy threshold of a jurisdictional statute." *Ware,* 6 F.4th at 732. Second, if the proponent makes that showing, then "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* This case fails at the second step.

Gomez's theory of damages is based on her allegation that Kohl's falsely advertised that products she purchased were on sale when they were actually being sold at their regular price. She alleges that she would not have purchased the products if she had known the truth, and she contends that she has the right under Wisconsin law to receive double the purchase price, as well as attorney fees and costs. She says that it is reasonable to infer that more than

3

$5,000,000 is at stake because the proposed class consists of anyone in the United States who bought a "sale" item from Kohl's online between November 2020 and May 2023, and Kohl's makes more than $5 billion annually in online sales. So if even a small percentage of customers would not have purchased those items had they known the items were not on sale, the jurisdictional minimum is exceeded. Dkt. 35.

Gomez's theory for satisfying the amount in controversy turns on whether she is correct that she and other class members may be entitled to a refund under Wisconsin law if they would not have made their purchases had they known they were paying the regular price. Gomez asserts two claims: (1) a violation of Wisconsin's unfair trade practices law, Wis. Stat. § 100.20; and (2) unjust enrichment. For the reasons explained below, the court concludes that it is legally impossible for Gomez or any other proposed class member to be awarded a refund for either claim.

The court will consider § 100.20 first. That statute allows any person who suffered a "pecuniary loss" because of an unfair trade practice to "recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney fee." Wis. Stat. § 100.20(5). Neither side cites case law from the Wisconsin state courts determining whether consumers suffer a pecuniary loss when they purchase a product under a false belief that the product is on sale.  But the Court of Appeals for the Seventh Circuit decided the same issue under Illinois law in *Kim v. Carter's Inc.*, 598 F.3d 362 (7th Cir. 2010).

Like § 100.20, the statute at issue in *Kim* requires plaintiffs to show that they suffered a "pecuniary loss." *Id.* at 365. The plaintiffs in *Kim* alleged that a retailer used price tags displaying "suggested prices," frequently accompanied by an advertised percentage discount off of that amount. *Id.* at 363. The plaintiffs argued that these advertisements gave consumers the

4

impression that they were receiving a "deal" on the merchandise when, in fact, the "suggested prices" were inflated in order to sell products at a regular price without actual savings. *Id.* The court of appeals concluded that the plaintiffs had not suffered a pecuniary loss because they "got the benefit of their bargain." In other words, the plaintiffs agreed to pay a certain price for the defendant's merchandise, did not allege the merchandise was defective or worth less than what they actually paid, and did not allege that they could have shopped around and found a better price in the marketplace. *Id.* at 365–66.

In *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014), and *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 648 (7th Cir. 2019), the court held that the same reasoning applies even when the plaintiff alleges that she would not have purchased the product had she known about the false advertising. The question is whether the customer paid more than "the actual value of the merchandise he received." *Benson*, 944 F.3d at 648; *Camasta*, 761 F.3d at 735, 740. If not, there is no pecuniary loss.

In this case, Gomez does not allege that any product she purchased was worth less than what she paid, only that she believed it was worth more than what she paid. Under *Kim*, *Camasta*, and *Benson*, not receiving a "deal" does not qualify as a pecuniary loss.

Gomez attempts to distinguish *Kim* and *Camasta* on the ground that the Illinois statute at issue uses the phrase "actual damages" rather than "pecuniary loss." But that is not a meaningful distinction because the court of appeals—and the Illinois courts—have interpreted the phrase "actual damages" to mean "pecuniary loss." *Camasta*, 761 F.3d at 739; *Kim*, 598 F.3d at 365; *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1196 (Ill. 2008). So *Kim*, *Camasta*, and *Benson* are good indicators of how the court of appeals would interpret § 100.20. Kohl's also cites several other cases from other jurisdictions holding that the plaintiff did not suffer a loss

5

or incur damages when they purchased a product that was falsely advertised as being on sale. *See, e.g., Hennessey v. Gap, Inc.*, 86 F.4th 823, 829–30 (8th Cir. 2023); *Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 681 (6th Cir. 2017); *Ham v. Lenovo (United States) Inc.*, 664 F. Supp. 3d 562, 581 (S.D.N.Y. 2023).

A Wisconsin district court has reached the same conclusion when interpreting § 100.20. In *Zapadinsky v. Blue Diamond Growers*, No. 23-cv-231, 2023 WL 5116507, at *7–8 (E.D. Wis. Aug. 7, 2023), the plaintiff asserted a claim under § 100.20, contending that the defendant falsely implied that its almonds are made in a smokehouse. The plaintiff did not show that the almonds were worth less than he paid for them, so the court concluded that he did not suffer a "pecuniary loss" under § 100.20. Among other things, the court relied on the reasoning of the Seventh Circuit cases cited above. The court acknowledged that Wisconsin courts have interpreted § 100.20 as allowing a refund as a remedy, but that was only in "certain instances where such a refund is warranted" and where it "adhere[d] to the remedial purpose of the statute." *Zapadinsky*, 2023 WL 5116507, at *7–8 (internal quotations omitted). None of the cases approving a refund were based solely on an allegation that the consumer would not have made a purchase absent the misrepresentation. *Id.* at *8.[1]

In support of a contrary conclusion, Gomez cites four Wisconsin cases in which the court concluded that the purchase price of a product or service qualified as a pecuniary loss. But Kohl's is not contending that the purchase price can *never* qualify as a pecuniary loss, and

---

[1] The court in *Zapadinsky* also questioned whether the plaintiff had alleged an "injury in fact" for the purpose of showing standing to sue. 2023 WL 5116507, at *8. The court need not decide that question because the court is dismissing the case on other jurisdictional grounds. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted).

the other courts it cited did not hold that. Rather, the courts held that the purchase price does not qualify as a loss when the plaintiff does not allege that the product is worth less than what she paid for it.

In all of the cases that Gomez cites, the plaintiff did not get what she paid for or was otherwise harmed in some way beyond just a misrepresentation. In *Mueller v. Harry Kaufmann Motorcars, Inc.*, the plaintiff bought a car that was in worse condition than what was represented. 2015 WI App 8, ¶¶ 2–3, 359 Wis. 2d 597, 859 N.W.2d 451. In *K & S Tool & Die Corp. v. Perfection Machinery Sales, Inc.*, the plaintiff ordered a 1000-ton press but received an 800-ton press. 2007 WI 70, ¶ 10, 301 Wis. 2d 109, 732 N.W.2d 792. In *Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*, the plaintiff received repairs that he did not ask for. 2009 WI App 65, ¶ 14, 318 Wis. 2d 802, 767 N.W.2d 394. In *Pliss v. Peppertree Resort Villas, Inc.*, the plaintiffs did not receive "promised compensation before the sale was completed." 2003 WI App 102, ¶ 12, 264 Wis. 2d 735, 663 N.W.2d 851.

Gomez cites no cases in which any court in Wisconsin or anywhere else held that a consumer suffered a pecuniary loss by purchasing a product that was falsely advertised as being on sale.[2] The court concludes that Gomez did not suffer from a pecuniary loss in this case, so neither she nor any potential class member is entitled a refund under § 100.20, and she cannot rely on potential damages under § 100.20 to satisfy the jurisdictional minimum.

---

[2] In *Murillo v. Kohl's Corporation*, 197 F. Supp. 3d 1119, 1129 (E.D. Wis. 2016), the court assumed that a purchase price qualified as pecuniary loss in a similar situation, but the court did not explain the basis for its assumption. In any event, the same judge who decided *Murillo* also decided *Zapadinsky* several years later, and the court explained in *Zapadinsky* why it was concluding that the plaintiff had not suffered a pecuniary loss.

Gomez's unjust enrichment claim suffers from the same flaw. A claim for unjust enrichment requires the plaintiff to show that the defendant is retaining a benefit received from the plaintiff "without payment of its value." *Buckett v. Jante*, 2009 WI App 55, ¶ 9, 316 Wis. 2d 804, 812, 767 N.W.2d 376, 380. In other words, the plaintiff must show that she did not get what she paid for. Gomez does not allege that the products she purchased were worth less than what she paid, so she cannot recover damages under an unjust enrichment theory. *See Hennessey*, 86 F.4th at 831; *Gerboc*, 867 F.3d at 679.

Gomez also seeks injunctive relief, which is part of the calculation for determining the amount in controversy. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011). But Gomez does not provide a basis for assessing the value of that relief, so she forfeited the issue for the purpose of establishing jurisdiction. *See Ware*, 6 F.4th at 733. In any event, the court agrees with Kohl's and the courts in *Camasta* and *Zapadinsky* that injunctive relief is not available in a situation like this one. *Camasta*, 761 F.3d at 740–41; *Zapadinsky,* 2023 WL 5116507, at *8–9. A plaintiff seeking an injunction must show that she is likely to be harmed by similar conduct in the future. *Lopez-Aguilar v. Marion Cty. Sheriff's Dep't*, 924 F.3d 375, 395 (7th Cir. 2019). Gomez cannot make that showing in this case. As in *Camasta*, Gomez "is now aware of [Kohl's] sales practices, [so she] is not likely to be harmed by the practices in the future. Without more than the speculative claim that [she] will again be harmed by [Kohl's], [Gomez] is not entitled to injunctive relief." *Camasta*, 761 F.3d at 741.

The bottom line is that it is legally impossible for Gomez to satisfy the $5,000,000 amount in controversy. The court will dismiss the case for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction. All pending motions are denied as moot. The clerk of court is directed to enter judgment and close the case.

Entered July 9, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge